**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| JASON L. BELLAMY,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-1419-TLS-AZ |

**OPINION AND ORDER**

Jason L. Bellamy, a prisoner without a lawyer, filed a habeas petition to challenge his conviction for child molestation and sexual misconduct with a minor under Case No. 36C01-1703-F1-1.[1] Following a jury trial, on June 6, 2019, the Jackson Circuit Court sentenced him to eighty years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Bellamy was convicted of child molestation under Ind. Code § 35-42-4-3(a)(1), which provides that a person, who is at least 21 years, who knowingly or intentionally performs or submits to sexual intercourse or other sexual conduct with a child under fourteen years of age commits child molestation as a Level 1 felony. For this offense, he was sentenced under Indiana Code § 35-50-2-4(c), which provides for a sentence ranging from twenty to fifty years' incarceration. By contrast, 18 U.S.C. § 2241(a), the federal statute codifying the offense of child molestation does not list the perpetrator's attainment of age twenty-one as an aggravator and sets a maximum sentence of fifteen years' incarceration. He argues that because the Indiana statutes

[1] Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

relating to the criminal offense of child molestation differ from the federal statute on the criminal offense of child molestation, the Indiana statutes are invalid, and the federal statute governs his conviction. He relies on the Supremacy Clause and argues that the Indiana statutes are contrary to federal law.

Significantly, the fact that Indiana includes the age of the perpetrator as an element of child molestation as a Level 1 felony or provides for harsher sentences cannot be fairly characterized as contrary to 18 U.S.C. § 2241(a). The federal statute says nothing about what conduct the States might prohibit in their respective jurisdictions under the criminal offense of child molestation; it also does not purport to govern conduct that takes place solely within the respective jurisdictions of the States. To the contrary, the federal statute expressly limits its purview to incidents involving perpetrators who cross State lines, conduct "within the special maritime and territorial jurisdiction of the United States," and victims held in federal custody. Additionally, the separate criminal codes for the United States and for each of the individual States are entirely consistent with the dual sovereignty system of government established by the Constitution. *See Gamble v. United States,* 587 U.S. 678, 681, 689 (2019) (reaffirming the principle that "a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute"). Consequently, the court cannot find that the Indiana statutes relating to child molestation as a criminal offense are contrary to federal law or are invalid.

Bellamy's petition also appears to be untimely and procedurally defaulted. *See Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004) ("A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim."); 28 U.S.C. § 2244(d)(1)(A) (stating a one-year limitation begins to run when the conviction becomes final). He appears to assert actual

innocence to overcome these procedural deficiencies. "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536–37 (2006). Actual innocence in the context of federal habeas law "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Bellamy does not offer any new evidence or even argue that he did not commit the offenses of child molestation as charged and convicted. Consequently, his assertion of actual innocence cannot excuse the untimely and procedurally defaulted nature of his claim.

In sum, the court is inclined to find that Bellamy's sole habeas claim is meritless, untimely, and procedurally defaulted. However, in light of his *pro se* status, the court will grant Bellamy an opportunity to respond to the court's analysis of his claim rather than immediately denying the habeas petition.

As a final matter, the court observes that Bellamy has not resolved his filing fee status. To proceed with this case, Bellamy must resolve his filing fee status by either paying the filing fee in full or by filing a motion for leave to proceed *in forma pauperis* with his prison account summary for the last six months attached.

For these reasons, the court:

(1) ORDERS Jason L. Bellamy to file a response to this Order and to resolve his filing fee status by November 6, 2026; and

(2) CAUTIONS Jason L. Bellamy that, if he does not respond by this deadline, the court will dismiss this case without further notice.

SO ORDERED on October 16, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT